Michael Reiter (State Bar No. 197768)
Milligan, Beswick, Levine & Knox, LLP
1447 Ford Street, Suite 201
Redlands, CA 92374
(909) 798-3300
mreiter@mblklaw.org

Attorneys for Defendant, William Ung dba
Yummy Donuts and Subs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATTI FILARDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>YUMMY DONUTS AND SUBS, a business of unknown form; PAUL D. SOTO AND TANNIS D. SOTO as individuals and trustees of the P. AND T. Soto Revocable Trust Dated March 14, 2012; and DOES 1-10, inclusive,<br><br>Defendants. | Case No: 5:18-cv-01847-CJC<br><br>DEFENDANT WILLIAM UNG DBA YUMMY DONUTS AND SUBS' ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL |

Defendant, William Ung dba Yummy Donuts and Subs, ("Defendant YDS"), by counsel, in answer to Plaintiff's Complaint, admits, denies and alleges as follows:

1. Answering Paragraph 1, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these

grounds, denies generally and specifically each and every allegation contained within the paragraph.

2. Answering Paragraph 2, Defendant YDS admits that allegations therein.

3. Answering Paragraph 3, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

4. Answering Paragraph 4, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

5. Answering Paragraph 5, Defendant YDS denies each and every allegation contained therein.

6. Answering Paragraph 6, Defendant YDS denies each and every allegation contained therein.

7. Answering Paragraph 7, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

8. Answering Paragraph 8, Defendant YDS admits the allegations therein.

9. Answering Paragraph 9, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

10. Answering Paragraph 10, Defendant YDS admits the allegations therein.

11. Answering Paragraph 11, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

12. Answering Paragraph 12, Defendant YDS Defendant admits that the "Business" may be an establishment open to the public. To the extent that Paragraph 12 contains legal conclusions, Defendant need not respond. Except as specifically admitted herein and with regard to all remaining allegations in Paragraph 8, Defendant denies each and every allegation contained therein.

13. Answering Paragraph 13, Defendant YDS denies each and every allegation contained therein.

14. Answering Paragraph 14, Defendant YDS denies each and every allegation contained therein and denies that any inaccessible conditions alleged by Plaintiff exist.

15. Answering Paragraph 15, Defendant YDS denies each and every allegation contained therein and denies that any inaccessible conditions alleged by Plaintiff exist.

16. Answering Paragraph 16, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

17. Answering Paragraph 17, Defendant YDS denies each and every allegation contained therein and denies that any inaccessible conditions alleged by Plaintiff exist.

18. Answering Paragraph 18, Defendant YDS denies each and every allegation contained therein.

19. Answering Paragraph 19, Defendant YDS denies each and every allegation contained therein.

20. Answering Paragraph 20, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

21. Answering Paragraph 21, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these

grounds, denies generally and specifically each and every allegation contained within the paragraph.

22. Answering Paragraph 22, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

23. Answering Paragraph 23, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

24. Answering Paragraph 24, Defendant YDS denies each and every allegation contained therein and denies that any inaccessible conditions alleged by Plaintiff exist.

25. Answering Paragraph 25, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

26. Answering Paragraph 26, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph and, based on these

grounds, denies generally and specifically each and every allegation contained within the paragraph.

27. Answering Paragraph 27, the allegations are legal conclusions or recitations of law as alleged by Plaintiff, and as such, they do not require a response. To the extent that a response may be required, Defendant denies every allegation contained in Paragraph 27.

28. Answering Paragraph 28, Defendant YDS denies each and every allegation contained therein and denies that any inaccessible conditions alleged by Plaintiff exist.

29. Answering Paragraph 29, the allegations are legal conclusions or recitations of law as alleged by Plaintiff, and as such, they do not require a response. To the extent that a response may be required, Defendant YDS denies every allegation contained in Paragraph 29.

30. Answering the allegations set forth in Paragraph 30, Defendant YDS incorporates, by reference, its responses to Paragraphs 1-29 as though fully set forth herein.

31. Answering Paragraph 31, the allegations are legal conclusions or recitations of law as alleged by Plaintiff, and as such, they do not require a response. To the extent that a response may be required, Defendant YDS denies every allegation contained in Paragraph 31.

32. Answering Paragraph 32, the allegations are legal conclusions or recitations of law as alleged by Plaintiff, and as such, they do not require a response. To the extent that a response may be required, Defendant YDS denies every allegation contained in Paragraph 32.

33. Answering Paragraph 33, the allegations are legal conclusions or recitations of law as alleged by Plaintiff, and as such, they do not require a response. To the extent that a response may be required, Defendant YDS denies every allegation contained in Paragraph 33.

34. Answering Paragraph 34, Defendant YDS the allegations are legal conclusions or recitations of law as alleged by Plaintiff, and as such, they do not require a response. To the extent that a response may be required, Defendant YDS denies every allegation contained in Paragraph 34.

35. Answering Paragraph 35, Defendant YDS has no information or belief sufficient to enable it to respond to the allegations in this paragraph, based on these grounds, denies generally and specifically each and every allegation contained within the paragraph.

36. Answering the allegations set forth in all prior paragraphs, Defendant YDS incorporates, by reference, its responses to Paragraphs 1-35 as though fully set forth herein.

37. Answering Paragraph 37, Defendant YDS the allegations are legal conclusions or recitations of law as alleged by Plaintiff, and as such, they do not require a response. To the extent that a response may be required, Defendant YDS denies every allegation contained in Paragraph 37.

38. Answering Paragraph 38, Defendant YDS denies each and every allegation contained therein.

39. Answering Paragraph 39, Defendant YDS denies each and every allegation contained therein.

**AFFIRMATIVE DEFENSES**

40. Defendant YDS asserts the following affirmative defenses:

**FIRST AFFIRMATIVE DEFENSE:**

41. As a separate and distinct affirmative defense, Defendant YDS alleges the Complaint fails to state a claim upon which relief can be granted.

**SECOND AFFIRMATIVE DEFENSE:**

42. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff's claims are barred, in whole or in part, because Plaintiff has not suffered, and will not suffer, irreparable harm as a result of any of the alleged conduct and/or omissions.

**THIRD AFFIRMATIVE DEFENSE:**

43. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

**FOURTH AFFIRMATIVE DEFENSE:**

44. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff's claims for relief are barred or limited by the applicable statutes of limitations.

**FIFTH AFFIRMATIVE DEFENSE:**

45. As a separate and distinct affirmative defense, Defendant YDS alleges the actions taken by it, or anyone acting on its behalf, if any, with respect to the conditions of the establishment in question were for lawful and legitimate, nondiscriminatory business reasons.

**SIXTH AFFIRMATIVE DEFENSE:**

46. As a separate and distinct affirmative defense, Defendant YDS alleges that it fulfilled any obligation it may have had to reasonably accommodate Plaintiff's disabilities.

**SEVENTH AFFIRMATIVE DEFENSE:**

47. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff failed to mitigate Plaintiff's damages.

**EIGHTH AFFIRMATIVE DEFENSE:**

48. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff has failed to allege special damages with the requisite specificity.

**NINTH AFFIRMATIVE DEFENSE:**

49. As a separate and distinct affirmative defense, Defendant YDS alleges its services and/or facilities provided to the public are accessible to and usable by persons with disabilities as required by California laws and by Federal laws, including but not limited to, the Americans With Disabilities Act ("ADA"), 42 U.S.C. Sections 12101, et seq., the California Disabled Persons Act, Cal. Civil Code sections 54, et seq., the California Unruh Civil Rights Act, Cal. Civil Code sections 51, et seq., and the California Health and Safety Code Part 5.5.

**TENTH AFFIRMATIVE DEFENSE:**

50. As a separate and distinct affirmative defense, Defendant YDS alleges as required by California law and Federal law, it did not deny Plaintiff full and equal access to goods, services, facilities, privileges, advantages or accommodations within a public accommodation.

///

///

//

**ELEVENTH AFFIRMATIVE DEFENSE:**

51. As a separate and distinct affirmative defense, Defendant YDS alleges acted reasonably, with a good faith belief in the legality of its actions, based upon the relevant facts and circumstances known to it at the time it acted.

**TWELFTH AFFIRMATIVE DEFENSE:**

52. As a separate and distinct affirmative defense, Defendant YDS alleges it granted Plaintiff access to its facilities and that if Plaintiff was in fact excluded from its facilities, any such exclusion was rationally related to the services performed and the facilities provided by Defendant YDS, or were only a temporary condition.

**THIRTEENTH AFFIRMATIVE DEFENSE:**

53. As a separate and distinct affirmative defense, Defendant YDS alleges that assuming, arguendo, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without causing undue hardship.

**FOURTEENTH AFFIRMATIVE DEFENSE:**

54. As a separate and distinct affirmative defense, Defendant YDS alleges assuming, arguendo, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because access to Plaintiff could not be provided without fundamentally altering the nature and/or character of the business establishment and

the goods and services provided therein.

**FIFTEENTH AFFIRMATIVE DEFENSE:**

55. As a separate and distinct affirmative defense, Defendant YDS alleges assuming, arguendo, Plaintiff was denied access to the subject facility, such exclusion was not unlawful because barrier removal was not readily achievable.

**SIXTEENTH AFFIRMATIVE DEFENSE:**

56. As a separate and distinct affirmative defense, Defendant YDS alleges that assuming, arguendo, Plaintiff faced barriers to access at the subject facility, such barriers were not unlawful because the subject facility was not a newly constructed facility nor did it have any alterations, requiring compliance with Title HI of the ADA, Health & Safety Code section 19955, or Title 24 of the California Code of Regulations during the relevant time frame.

**SEVENTEENTH AFFIRMATIVE DEFENSE:**

57. As a separate and distinct affirmative defense, Defendant YDS alleges Civil Code sections 54 and 54.1 do not create a private cause of action for damages for alleged discrimination and Civil Code section 55 provides only a private cause of action to enjoin such alleged statutory violations.

**EIGHTEENTH AFFIRMATIVE DEFENSE:**

58. As a separate and distinct affirmative defense, Defendant YDS alleges

Civil Code sections 54.3 and 55 are the exclusive remedy for alleged violations of Civil Code sections 54 and 54.1 and damages provided for by Civil Code Section 52 are not recoverable for such alleged violations.

**NINETEENTH AFFIRMATIVE DEFENSE:**

59. As a separate and distinct affirmative defense, Defendant YDS alleges the cost of some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant are disproportionate in terms of cost and scope to that of any alterations made within the statutory period, if any.

**TWENTIETH AFFIRMATIVE DEFENSE:**

60. As a separate and distinct affirmative defense, Defendant YDS alleges that Plaintiff's claims are barred because, with respect to any particular architectural element of the store that departs from accessibility guidelines, the store has provided "equivalent facilitation" in the form of alternative designs and technologies that provide substantially equivalent or greater access to and usability of the facility.

**TWENTY-FIRST AFFIRMATIVE DEFENSE:**

61. As a separate and distinct affirmative defense, Defendant YDS alleges that Plaintiff's claims are barred because the modifications Plaintiff seeks are not "alterations" within the meaning of the ADA or Title 24 and/or they do not trigger an

"alteration" legal standard because the modifications sought will be disproportionate in cost.

**TWENTY-SECOND AFFIRMATIVE DEFENSE:**

62. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff's claims are barred because any alterations made are sufficient in that they satisfy the "to the maximum extent feasible standard." 28 C.F.R. § 36.402(a)(1); 42 U.S.C. § 12183(a)(2).

**TWENTY-THIRD AFFIRMATIVE DEFENSE:**

63. As a separate and distinct affirmative defense, Defendant YDS alleges the Complaint is barred by the doctrines of estoppel and unclean hands.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE:**

64. As a separate and distinct affirmative defense, Defendant YDS alleges Complaint is barred by the doctrines of waiver and/or consent.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE:**

65. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff should not prevail as Plaintiff suffered no injury in fact with respect to the claims alleged in the Complaint and/or lacks standing.

///

**TWENTY-SIXTH AFFIRMATIVE DEFENSE:**

66. As a separate and distinct affirmative defense, Defendant YDS alleges that, if any mental or emotional distress was in fact suffered by Plaintiff, it was proximately caused by factors other than any act or omission of Defendant.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE:**

67. As a separate and distinct affirmative defense, Defendant YDS alleges is not entitled to recover attorneys' fees or costs from Defendant because Plaintiff's Complaint did not cause any change in conduct, policy or procedure, and Plaintiff cannot establish that Defendant YDS violated any statute entitling Plaintiff to an award of attorneys' fees or costs. Alternatively, such an award should be barred or reduced to the extent they were not reasonably incurred, were incurred at an excessive rate, or were incurred with respect to others' fault.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE:**

68. As a separate and distinct affirmative defense, Defendant YDS alleges requiring some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant YDS would fundamentally alter the nature of the subject property.

**TWENTY-NINTH AFFIRMATIVE DEFENSE:**

69. As a separate and distinct affirmative defense, Defendant YDS alleges

Plaintiff's claims in equity are barred, in whole or in part, because Plaintiff's legal remedies are adequate.

**THIRTIETH AFFIRMATIVE DEFENSE:**

70. As a separate and distinct affirmative defense, Defendant YDS alleges some or all of the modifications to the subject property that Plaintiff seeks to have imposed upon Defendant YDS are neither required nor readily achievable.

**THIRTY-FIRST AFFIRMATIVE DEFENSE:**

71. As a separate and distinct affirmative defense, Defendant YDS alleges Plaintiff's claims are barred for failure to join necessary or indispensable parties.

**THIRTY-SECOND AFFIRMATIVE DEFENSE:**

72. As a separate and distinct affirmative defense, Defendant YDS alleges that Plaintiff failed to give pre-litigation notice of the alleged defects as required by California law.

**THIRTY-THIRD AFFIRMATIVE DEFENSE:**

73. As a separate and distinct affirmative defense, Defendant YDS alleges that the Complaint seeks changes that are not within the possession, custody or control of Defendant.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE:**

74. The alleged defects are trivial and de minimis.

**PRAYER**

Defendant YDS prays this Court for judgment as follows:

1. Plaintiff take nothing by Plaintiff's Complaint;

2. That the Complaint be dismissed with prejudice and that judgment be entered against Plaintiff and in favor of Defendant on each cause of action;

3. That Defendant YDS be awarded attorneys' fees and cost of suit;

4. Such other and further relief as this Court deems appropriate.

Dated: October 18, 2018

MILLIGAN, BESWICK, LEVINE & KNOX, LLP

By: ______________________
Michael Reiter
Attorneys for Defendant, William Ung dba Yummy Donuts and Subs

DEMAND FOR JURY TRIAL

Defendant, William Ung dba Yummy Donuts and Subs, hereby demands a jury trial.

Dated: October 18, 2018

MILLIGAN, BESWICK, LEVINE & KNOX, LLP

By: ______________________
Michael Reiter
Attorneys for Defendant, William Ung dba Yummy Donuts and Subs

## PROOF OF SERVICE BY MAIL

The undersigned declares as follows: At the time of service I was over 18 years of age and not a party to this action. My business address is 1447 Ford Street, Suite 201, Redlands, CA 92374, which is in the County, City and State where this mailing occurred.

On October 18, 2018, I served the document described as: Defendant, William Ung dba Yummy Donuts and Subs' Answer to Complaint on all interested parties in this action:

Craig G. Côté, Esq.
Manning Law APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660

I served a true copy of the document above by depositing it in the United States Mail in a sealed envelope with the postage fully prepaid to the addresses above.

I certify under the penalty of perjury that the foregoing is true and correct.

Executed on October 18, 2018, at Redlands, California.

JoEva M. Peabody