Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660
Office: (949) 200-8755
ADAPracticeGroup@manninglawoffice.com

Attorneys for Plaintiff Patricia Filardi

UNITED STATES DISTRICT COURT  CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FILARDI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>YUMMY DONUTS AND SUBS, a business of unknown form; PAUL D. SOTO and TANNIS D. SOTO, as individuals and trustees of the P. AND T. SOTO REVOCABLE TRUST DATED MARCH 14, 2012; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 5:18-cv-01847-CJC-SP**<br><br>**Hon. Cormac J. Carney**<br><br>**JOINT REPORT PURSUANT TO F.R.C.P. 26(f) and LOCAL RULE 26-1** |

    Plaintiff PATRICIA FILARDI ("Plaintiff"), and Defendant WILLIAM UNG dba YUMMY DONUTS AND SUBS ("Defendant YDS") respectfully submit this Joint Report ("the Report") pursuant to Federal Rules of Civil Procedure Rule 26(f) and Local Rule 26-1.

-1-

**JOINT FRCP RULE 26(f) REPORT**

A. STATEMENT OF THE CASE

**Plaintiff's Statement of the Case**

Plaintiff is an adult quadriplegic who uses a wheelchair for mobility. She has a specially equipped van with a ramp that deploys out of the passenger side of her van. Plaintiff is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, sleeping, ambulating, and/or sitting. Plaintiff requires the use of a wheelchair at all times for mobility and life functions. At the time of Plaintiff's visits to Defendant YDS' facility and prior to instituting this action, Plaintiff suffered from a "qualified disability" under the ADA. She has a Disabled Person Parking Placard issued to her on a permanent basis.

Plaintiff personally visited Defendant YDS' Property on one occasion but was denied full and equal access and full and equal enjoyment of the facilities, services, goods, and amenities within Defendant YDS' facility, even though she would be classified as a "bona fide patron." Specifically, she desired to visit the subject property as a consumer, but experienced difficulty due to Defendant YDS' failure to provide adequate access to the subject business and its interior.

It is alleged that Defendants own and operate the real property located at 1154 Brookside Avenue, Redland, CA 92373 (hereinafter "Property") where the subject business (the "Business") is located. It is alleged that Defendant is liable to Plaintiff for the alleged ADA violations.

The Business is a facility open to the public, a place of public accommodation, and a business establishment. Instead of having architectural barrier free facilities for patrons with disabilities, Plaintiff experienced the following at the Business and Property: a builtup curb ramp that projects from the sidewalk and into the disabled parking area (Section 406.5). Furthermore, the curb

**JOINT FRCP RULE 26(f) REPORT**

ramp is in excess of the maximum grade allowed by ADAAG specifications (Section 406.1); there is no ADASAD compliant disabled van accessible parking signage in violation of Section 502.6; and, the curb ramp at the accessible parking space serving the stores main entrance projects into the access aisle in violation of Section 406.5 which requires that curb ramps and the flared sides of curb ramps shall be located so that they do not project into vehicular traffic lanes, parking spaces, or parking access aisles.

Plaintiff alleges that Defendant YDS violated Plaintiff's rights under the ADA and the Unruh Civil Rights Act. In addition to injunctive relief, Plaintiff seeks an award of damages of not less than $4,000 per violation as well as deterrence damages arising out of Plaintiff's visit to the Property on or about April 3, 2018 and for reasonable attorneys' fees litigation expenses, and costs of suit, pursuant to California Civil Code § 52.

**Defendant YDS' Statement of the Case**

Defendant YDS only runs a cubicle in a shopping center and claims that violations, if any, on other people's property is not a basis for litigation and that Plaintiff is responsible for all costs and attorney fees in this wrongful suit against Defendant YDS.

Defendant YDS denies all of Plaintiff's allegations in that their parking area is in compliance with current codes. Defendant YDS contends that other parties are responsible for Plaintiff's alleged injuries.

B.  **SUBJECT MATTER JURISDICTION:**

The parties signing this Report, do not dispute this court has original jurisdiction over the federal questions and supplemental jurisdiction over the related state claims.

## C. LEGAL ISSUES

**Plaintiff's Asserted Legal Issues**

The principal legal issues are: (1) whether the Defendant is responsible under the law to remove/ remediate barriers; (2) whether the Plaintiff has standing to seek either damages or injunctive relief; (3) whether Plaintiff was denied equal access to the facility and; (4) the nature and extent of Plaintiff's damages.

**Defendant's Asserted Legal Issues**

Whether Defendant YDS is responsible for Plaintiff's injuries;

Whether other parties are responsible for Plaintiff's injuries;

Whether Plaintiff sustained any injuries and the nature and extent of those injuries.

## D. PARTIES, EVIDENCE, ETC.:

**Plaintiff:** Plaintiff anticipates no additional parties. Plaintiff anticipates one expert witness as to accessibility. Plaintiff anticipates using an inspection report of Defendant's Property as a key document.

**Defendant:**

Parties:

Defendant YDS; Defendants Soto

Evidence:

Evidence includes, but is not limited to: Codes for handicapped accessibility areas in Redlands, California, remodeling and prior construction documentation, proof of ownership of the area at issue, medical report and billings for injuries sustained by Plaintiff.

E.   DAMAGES

**Plaintiff:**  Plaintiff foresees statutory damages of not less than $4,000 per violation arising out of Plaintiff's visit to the Property, $4,000 for deterrence damages Plaintiff is entitled to pursuant to *Johnson v. Guedoir,* 218 F. Supp. 3d 1096; 2016 U.S. Dist. LEXIS 150740 (USDC Cal, E.D. 2016), and for reasonable attorneys' fees and costs of suit pursuant to California Civil Code § 52.  Plaintiff expects the probable range of damages to be between $8,000 and $12,000 plus reasonable attorneys' fees.

**Defendant:**

Defendant YDS disputes all damages, and claims there are none.

F.   INSURANCE

 The Parties are unaware of insurance coverage applicable to this action.

G.   MOTIONS

**Plaintiff:**  Plaintiff does not believe he is likely to seek to add other parties or seek transfer of venue. Plaintiff intends to conduct an expert led site inspection to identify each barrier that would affect his type of disability and, then if applicable, amend the complaint to ensure that the ADA claim reflects his intention to have all unlawful barriers removed or remediated. This is the two-step process permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011).  Plaintiff anticipates filing a motion for partial summary judgment on the issue of duty and liability under the ADA and the Unruh Civil Rights Act. This will happen after the necessary depositions and inspection are taken in this case.

**Defendant:** A Motion to Dismiss will be made by Defendant YDS.

### H. COMPLEXITY

This is not a complex case and the Manual for Complex Litigation is not necessary.

### I. STATUS OF DISCOVERY

The Parties have not yet undertaken discovery.

### J. DISCOVERY PLAN

**Plaintiff's Proposed Discovery Plan**

Plaintiff proposes that the Parties exchange Initial Disclosures by February 14, 2019.

Plaintiff proposes a fact discovery cut-off date 18 weeks prior to trial in order to allow adequate time to prepare dispositive motions and to allow for Plaintiff to conduct an expert site inspection of the Property.

Plaintiff proposes an expert discovery cut-off date 8 weeks prior to trial.

Plaintiff intends to propound a set of Interrogatories, Requests for Admission and Requests for Production of Documents; to take the deposition of the Defendant and to conduct an expert site inspection as permitted and required by *Doran v. 7-Eleven Inc.*, (9th Cir. 2008) 524 F.3d 1034 and *Chapman v. Pier 1Imports (US) Inc.*, 631 F.3d 939 (9th Cir. 2011). Plaintiff intends to seek discovery related to: (1) the ownership and maintenance of the Business and Property, including the existence of any accessibility barriers and accessible routes; (3) history of changes or modifications to the Business and Property; (4) the

feasibility of providing access to persons with disabilities.

**Defendant YDS' Proposed Discovery Plan:**

Defendant YDS proposes the parties will serve their Initial Disclosures as designated by the trial rules no later fourteen (14) days after the Scheduling Order issues or by date certain set pursuant to the Scheduling Order.

Defendant YDS will propound written discovery and depos Plaintiff.

Defendant YDS proposes the discovery cut-off, including hearings on discovery motions, be February 1, 2020.

Defendant YDS proposes initial expert exchange is November 1, 2019; rebuttal exchange is November 15, 2019; and expert discovery cut-off is November 30, 2019.

**K.   DISPOSITIVE MOTIONS**

The Parties anticipate filing motions for summary judgment or, in the alternative, motions for summary adjudication on the issues depending on what is revealed in discovery.

**Plaintiff:**

The issues in this case stem from a question of whether the accessibility barriers on the Property violate the ADA and Unruh Civil Rights Act.  A determination of these issues will depend on inquiries of (1) whether Defendant is responsible under the law to remove/remediate the barriers; (2) whether the Plaintiff has standing to seek either damages and/or injunctive relief; and (3) the nature and extent of damages.

**Defendant YDS:**

Defendant will show as a matter of law Defendant YDS is not liable.

**N.   ALTERNATIVE DISPUTE RESOLUTION ("ADR") PROCEDURE**

**SELECTION**

In the event that this matter is not expeditiously resolved, the Parties select ADR Procedure No. 2 as the settlement mechanism under Local Rule 16-15.4. ADR Procedure No. 2 states, "[t]he parties shall appear before a neutral selected from the Court's Mediation Panel."

**O.    SETTLEMENT EFFORTS**

The Parties have communicated informally about settlement and closure. These informal discussions are still in their early stages.

**P.    PRELIMINARY TRIAL ESTIMATE**

The trial is expected to take four (4) days. Plaintiff anticipates 4-5 witnesses, including an expert to testify at trial.

Defendant has requested a jury trial. Defendant anticipates 4-5 witnesses.

**Q.    TRIAL COUNSEL**

For Plaintiff: Joseph R. Manning, Jr., Michael J. Manning, and Craig G. Cote.

For Defendant: Michael Reiter

**R.    INDEPENDENT EXPERT OR MASTER**

The Parties do not believe an independent expert or master is necessary.

**S.    OTHER ISSUES**

Defendant proposes that all unserved defendants will be dismissed on April 20, 2019. The Parties are unaware of any other issues.

Respectfully submitted,

| Dated: January 24, 2019 | MANNING LAW, APC<br><br>By:/s/ *Joseph R. Manning, Jr.*<br>　　Joseph R. Manning, Jr.<br>　　Michael J. Manning<br>　　Craig G. Cote'<br>　　*Attorneys for Plaintiff* |
|---|---|
| Dated: January 24, 2019 | MILLIGAN, BESWICK, LEVINE & KNOW LLP<br><br>By:/s/ *Michael Reiter*<br>　　Michael Reiter<br>　　*Attorney for Defendant* |

### Certification Pursuant to Local Rule 5-4.3.4(a)(2)(i)

Pursuant to Local Rule 5-4.3.4(a)(2)(i), I, Joseph R. Manning, Jr., hereby do attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

Dated: January 24, 2019　　**MANNING LAW, APC**

　　　　　　　　　　　By: /s/ *Joseph R. Manning Jr., Esq.*
　　　　　　　　　　　　　Joseph R. Manning Jr., Esq.