Joseph R. Manning, Jr., Esq. (State Bar No. 223381)
Michael J. Manning, Esq. (State Bar No. 286879)
Craig G. Côté, Esq. (State Bar No. 132889)
**MANNING LAW, APC**
20062 SW Birch St., Suite 200
Newport Beach, CA 92660
Office: (949) 200-8755
DisabilityRights@manninglawoffice.com

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PARICIA FILARDI, an individual,<br><br>Plaintiff,<br><br>v.<br><br>YUMMY DONUTS AND SUBS, a business entity of unknown form; PAUL D. SOTO and TANNIS D. SOTO, as individuals and trustees of the P. AND T. SOTO REVOCABLE TRUST DATED MARCH 14, 2012; and DOES 1-10, inclusive,<br><br>Defendants. | **Case No. 5:18-cv-01847-CJC-SP**<br><br>**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT YUMMY DONUTS AND SUBS' MOTION FOR SUMMARY JUDGMENT**<br><br>Date:         January 27, 2020<br>Time:        1:30 p.m.<br>Ct. Room:  7C<br><br>**Hon. Cormac J. Carney** |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Defendant Yummy Donuts and Subs moved for summary judgment on the ground that it is not liable under the ADA because it does not own or control the inaccessible parking facilities directly in front of Defendant's restaurant. Defendant's only evidence submitted in support of its motion is the conclusory and self-serving declaration of the business owner, William Ung. (Declaration of William Ung; ECF #29-1). Broken down to its essence, the Ung Declaration states that because Yummy Donuts and Subs is a small business renting space in a large commercial property it is therefore "obvious" it has not assumed control over any aspect to the exterior of the premises as part of its lease obligation. (Ung. Decl. ¶¶ 1 – 3). The Ung Declaration is conspicuously silent on the existence of a written lease or even the terms of any lease written or otherwise. It is undisputed that Yummy Donuts and Subs is a tenant in the commercial center and further that it offers parking for the benefit of its patron in connection with its tenancy.

Defendant's motion fails because it submitted no admissible evidence to meet its burden for summary judgment (or even shift the evidentiary burden to Plaintiff) and a genuine dispute of material fact exists because a reasonable inference can be made that Defendant controls the space in such close proximity to the entrance of its business premises and offered to its patrons in direct connection with the business.

## II. RELEVANT FACTS

Plaintiff Patricia Filardi is quadriplegic. She cannot walk and uses a wheelchair for mobility. Ms. Filardi travels in a specially equipped van with a lift that deploys from the passenger side of the van to accommodate her wheelchair. Defendant is a business located at 1154 Brookside Avenue, in Redlands, California. (SUF 3). There is an inaccessible curb ramp and disabled parking directly in front of Defendant's business, mere feet from its entrance. (SUF 6 & 7).

Because all of the alleged barriers to access are located directly in front of the entrance of Defendant's restaurant, a reasonable inference can be made that Defendant controls that area. (SUF 8).

Defendant has submitted no admissible evidence that it does not control the area directly in front of its business. (SUF 9):

- Defendant submits no admissible evidence that Defendant does not control the parking and curb ramp in front of the entrance of Defendant's business. (SUF 9).
- Nowhere in its Motion does Defendant submit a lease with its landlord that would define the control of the parking directly in front of Defendant business. (SUF 10).
- Nowhere in its Motion does Defendant submit exculpatory evidence that in the absence of a lease agreement between Defendant and its landlord, their conduct in a landlord-tenant relationship is such that excludes Defendant's control over the parking and curb ramp mere feet from the entrance of Defendant's business. (SUF 11).

### III.  LEGAL STANDARD

Summary judgment is only appropriate where the evidence presented establishes no genuine disputes as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986). In assessing the evidence the district court reads the record in the "light most favorable to the nonmovant." *See Mankaruse v. Raytheon Co.*, 2016 WL 7324154, at *2 (C.D. Cal. Dec. 8, 2016) (Selna, J.). "The moving party has the initial burden of establishing the absence of a material fact for trial." Id. (citing *Anderson*, 477 U.S. at 256).

## IV. DEFENDANT HAS FAILED TO SHOW THAT NO GENUINE ISSUE OF MATERIAL FACT EXISTS REGARDING ITS CONTROL OF THE PARKING DIRECTLY IN FRONT OF DEFENDANT'S RESTAURANT

The seminal 9th Circuit case that addresses liability of tenants for architectural barriers is *Kohler v. Bed Bath & Beyond*, which held that a tenant is not liable for access barriers in common areas (e.g. a parking lot) that were exclusively maintained, operated, and controlled by its landlord. *See Kohler v. Bed Bath & Beyond of California, LLC* (9th Cir. 2015) 780 F.3d 1260, 1266. **However, both a landlord and tenant may be liable for conditions of a property that the tenant has control over by way of a lease between the tenant and landlord**.

> "The ADA imposes compliance obligations on 'any person who owns, leases (or leases to), or operates a place of public accommodation.' 42 U.S.C. § 12182(a). The existence of a lease that delegates control of parts of that property to a tenant has no effect on the landlord's preexisting obligation, because under the ADA, a party is prevented from doing anything 'through contractual, licensing, or other arrangements' that it is prevented from doing "directly." 42 U.S.C. § 12182(b)(1)(A)(i). Here, in contrast, BB&B, like any tenant, has no preexisting control of a property. Absent a lease, it lacks any legal relationship at all to the property. **That it takes control of a part of the property, subject to a lease, imposes ADA compliance obligations on it for that part of the property it controls**; the landlord's preexisting obligations to the entire property continue unaffected." (emphasis added)

*Kohler v. Bed Bath & Beyond of California, LLC* (9th Cir. 2015) 780 F.3d 1260, 1264.

As set forth in *Kohler*, the scope of Defendant's control (and liability) as a tenant depends on the scope of the lease between Defendant and its landlord; a document that Defendant has not submitted as evidence to this Court.

Defendant instead argues, without credible or admissible evidence, that "[i]t is obvious that none of the renters have anything at all to do with the surrounding property, which includes, but is not limited to, the sidewalks, curbs, ramps, parking lot and driving aisles." (Ung Decl. ¶ 1). It is not *obvious* that Defendant does not

control parking and curb ramp barriers that are mere feet in front of Defendant's business. (SUF 6 & 8).

Critically, Defendant's conclusory recitation that something is "obvious" is factually and legally insufficient to prove anything or shift the burden of proof to Plaintiff on a motion for summary judgment. Defendant has made self-serving and conclusory statements of nonliability, entirely based on a single declaration. Further, all of Defendant's "facts" are of the same conclusory and self-serving variety that are objectionable on numerous grounds.[1] It is telling that Defendant submitted no evidence of a lease or its terms that would definitively make clear the scope of Defendant's control of the area.

To the contrary, it is reasonable to infer that Defendant controls the space immediately in front of its leased space which is available to its customers. (SUF 8). This fact is sufficient, at a minimum, to create a genuine dispute of material fact in light of the brittleness of evidence in Defendant's moving papers.

To wit, Defendant submits no admissible evidence that it does not control the parking and curb ramp in front of the entrance of Defendant's business. If Defendant had documentary evidence of a lease or its terms that clarify the scope of its control, it would (or should) have submitted them in its moving papers. Defendant did not submit any such evidence, did not meet its burden of proof, did not shift the burden of proof, and Defendant's restaurant's close proximity to the alleged barriers creates a genuine dispute of material fact as to Defendant's control. *See Mankaruse*, 2016 WL 7324154, at *2 (the district court reads the record in the "light most favorable to the nonmovant."). Defendant's motion must be denied.

---

[1] *See* Separate Statement filed concurrently (SUF 1-6) (E.g. Best Evidence (FRE 1002); Authentication (FRE 901); Hearsay (FRE 802); Personal Knowledge (FRE 602); Relevancy (FRE 402)).

## V. PLAINTIFF HAS SINCE MOVED TO AMEND THE COMPLAINT TO ALLEGE THE CURRENT PROPERTY OWNER

On December 24, 2019, Plaintiff timely filed a Notice of Motion and Motion to Amend the Complaint, naming Brookside San Mateo Partners, L.P. as a proposed defendant property owner of 1154 Brookside Ave. Redlands, CA 92373. (SUF 10) After further investigation by Plaintiff's counsel, it was discovered that prior research had yielded inaccurate results relating to the true owner of the subject property. Defendant Yummy and proposed Defendant Brookside San Mateo Partners, L.P. have a lease agreement that delineates their ADA compliance obligations for the barriers alleged in Plaintiff's Complaint. (SUF 12).

Plaintiff expects to be able to acquire lease document from the newly named property owner that will definitively determine both Defendant Yummy and proposed Defendant Brookside's respective control and liability for the access barriers alleged in the Complaint; or, absent the existence of an operative lease agreement, discover the same scope of control based on ongoing conduct between Defendant and its landlord.

## VI. DEFENDANT WILL NOT BE PREJUDICED BY DENIAL OF SUMMARY JUDGMENT AND PRODUCING THE LEASE AT ISSUE

Defendant will not suffer any prejudice by denial of its motion for summary judgment because a genuine issue of material fact plainly still exists. Nor will Defendant suffer prejudice by the parties determining the scope of Defendant's ADA obligations for the parking condition mere feet away from its business entrance. Plaintiff, on the other hand, will be highly prejudiced if Defendant's motion is granted and facts as to the control issue come to light that mandates Defendant's liability.

/ / /

/ / /

/ / /

## VII. EVEN IF DEFENDANT PREVAILS AS A "PREVAILING PARTY", DEFENDANT SHOULD NOT BE GRANTED FEES BECAUSE PLAINTIFF'S ACTION AGAINST DEFENDANT IS NOT "FRIVOLOUS, UNREASONABLE, OR WITHOUT FOUNDATION"

The ADA allows a "prevailing party" its fees. 42 U.S.C. § 12205. But while prevailing plaintiffs regularly recover their fees, "policy considerations which support the award of fees to a prevailing plaintiff are not present in the case of a prevailing defendant." *Christianburg Garment Co. v. EEOC*, 434 U.S. 412, 418–19 (1978). Accordingly, "fees should be granted to a defendant in a civil rights action only upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation." *Summers v. A. Teichert & Son*, 127 F.3d 1150, 1154 (9th Cir. 1997)

Here, Plaintiff's claims are not frivolous even if Defendant does not control the parking area directly in front of its restaurant business because this issue directly depends the scope of control of certain areas of the property between Defendant and its landlord, including those alleged in the Complaint. As set forth in this opposition, it is likely such a lease *does* exist, Defendant has not submitted credible or admissible evidence that it does not control a certain section of the property, and a reasonable inference can be made that it does control based on Defendant's restaurant's close physical proximity to the barriers at issue. Plaintiff's expectation that Defendant controls the curb ramp and inaccessible parking mere feet away from the entrance of its restaurant is not frivolous, unreasonable, or without foundation.

Therefore, in the unlikely event that Defendant prevails in this motion, despite there being a genuine issue of material fact, Defendant should not be entitled to fees.

## VIII. CONCLUSION

Defendant's self-serving declaration in support of its motion is devoid of factual evidence and it is reasonable to infer that that Defendant controls the disabled parking and curb ramp directly in front of its business. Plaintiff respectfully requests this Court deny Defendant's motion for summary judgment because Defendant has

failed to shift its burden of proof to Plaintiff and the court reads the record in "light most favorable to the nonmovant." *Mankaruse* at *2

In the unlikely event that Defendant prevails on its Motion, despite there being a genuine issue of material fact, Defendant should not be entitled to fees because Plaintiff's action against Defendant was not frivolous, unreasonable, or without foundation.

                                                    Respectfully Submitted.

Dated: January 6, 2019                  **MANNING LAW, APC**

                                                    By: */s/ Joseph R. Manning, Jr.*
                                                    Joseph R. Manning Jr., Esq.
                                                    Attorneys for Plaintiff