Michael Reiter (State Bar No. 197768)
Milligan, Beswick, Levine & Knox, LLP
1447 Ford Street, Suite 201
Redlands, CA 92374
(909) 798-3300
mreiter@mblklaw.org

Attorneys for Defendant, William Ung dba Yummy Donuts and Subs

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATRICIA FILARDI, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>YUMMY DONUTS AND SUBS, a business of unknown form; PAUL D. SOTO AND TANNIS D. SOTO as individuals and trustees of the P. AND T. Soto Revocable Trust Dated March 14, 2012; and DOES 1-10, inclusive,<br><br>    Defendants. | Case No: 5:18-cv-01847-CJC<br><br>DEFENDANT WILLIAM UNG DBA YUMMY DONUTS AND SUBS' OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT |

Defendant, William Ung dba Yummy Donuts and Subs, ("Defendant YDS"), by counsel, hereby opposes Plaintiff, Patricia Filardi's Motion for Leave to File First Amended Complaint.

## MEMORANDUM OF POINTS AND AUTHORITIES

Defendant YDS opposes Plaintiff's Motion for Leave to File First Amended Complaint on the ground that Plaintiff has known about the identity of the additional party she wishes to name and should have added said party long before this current filing of December 24, 2019.

> In general, a court should liberally allow a party to amend its pleading. *See* Fed.R.Civ.P. 15(a); *see also Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir.2001) ("A district court shall grant leave to amend freely when justice so requires," and "this policy is to be applied with extreme liberality.") (internal quotation marks and citations omitted). Courts may decline to grant leave to amend only if there is strong evidence of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of amendment, etc." *Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962). "[T]he consideration of prejudice to the opposing party carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.,* 316 F.3d 1048, 1052 (9th Cir.2003). <u>Sonoma Cty. Ass'n of Retired Employees v. Sonoma Cty.</u> (9th Cir. 2013)708 F.3d 1109, 1117.

The prejudice that would arise here is that the Motion was filed at the last possible moment at the motion cut-off, after the discovery cut-off, and right before trial.

> We see no reason to deviate from that approach here, but the result would not change if Johnson's motion to amend the complaint were treated as a *de facto* motion to amend the scheduling order rather than a motion to join a party after the binding cut-off date for the motion had passed. In the former

Case 5:18-cv-01847-CJC-SP   Document 37   Filed 01/06/20   Page 3 of 5   Page ID #:195

case, Johnson needed to show "good cause" for the amendment. Fed.R.Civ.P. 16(b). In the latter, the terms of the order stated that no joinder would be permitted after the cut-off date unless "extraordinary circumstances [had been] demonstrated."[6] Johnson failed to make an adequate showing under either standard." <u>Johnson v. Mammoth Recreations, Inc.</u> (9th Cir. 1992) 975 F.2d 604, 609.

In this case, for the following reasons, good cause has not been shown. Plaintiff has known for at least six months that the people they sued (and served) were not the proper parties.

Plaintiff via the Declaration of Joseph R. Manning (filed concurrently with the Motion to Amend Complaint) indicates, "Through further diligence of the public documents involving the property in question and determined that Defendants Paul D. Soto and Tannis D. Soto are not the current record owners of the Subject Property where Yummy Donuts and Subs is located. It was further determined that the current record owner is BROOKSIDE SAN MATEO PARTNERS, L.P. which is a necessary party to this action." (Decl. Manning, ¶6)

Plaintiff previously filed with this Court an Amended Complaint on July 8, 2019, which indicates that defendant Brookside San Mateo Partners, L.P. owns the property at 1154 Brookside Avenue, Redland[s] CA 92373. (See attached Exhibit A, ¶ 5). The Amended Complaint was rejected by the Court as leave of Court was not

3
DEFENDANT WILLIAM UNG DBA YUMMY DONUTS AND SUBS' OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT

sought prior to or concurrently when the Amended Complaint was filed. Nothing further was done by plaintiff until late December.

Plaintiff must have known at or prior to the July 8, 2019 filing of the Amended Complaint that Brookside San Mateo Partners, L.P., was the current owner of the Subject Property where Yummy Donuts and Subs is located.

Plaintiff could have and has failed to file for leave to file her Amended Complaint within a reasonable time of having knowledge for the existence of Defendant Brookside San Mateo Partners, L.P.

Additionally, Plaintiff failed to perform due diligence in ascertaining the owner of the property. Relying on a title report is not due diligence, since only the record notice in the County of San Bernardino's files can be relied upon. To the extent that plaintiff used title insurance, her remedy is against the title insurer.

Plaintiff should have known who the landlord was from the start and should have named the actual owner in her original complaint. As a matter of common knowledge, this information is easily available from the San Bernardino County tax collector online and by telephone. Plaintiff did not diligently conduct research as to the owner of the property, and as such should not be allowed to amend, even with the liberal standard of amendment.

Dated: January 6, 2020           MILLIGAN, BESWICK, LEVINE & KNOX, LLP

                                 By: /s/ Michael Reiter
                                   Michael Reiter
                                   Attorneys for Defendant, William Ung dba
                                   Yummy Donuts and Subs

# PROOF OF SERVICE BY MAIL

The undersigned declares as follows: At the time of service I was over 18 years of age and not a party to this action. My business address is 1447 Ford Street, Suite 201, Redlands, CA 92374, which is in the County, City and State where this mailing occurred.

On January 6, 2020, I served the document described as: Defendant, William Ung dba Yummy Donuts and Subs' Opposition to Plaintiff's Notice of Motion and Motion for Leave to File First Amended Complaint on all interested parties in this action:

Craig G. Côté, Esq.
Manning Law APC
4667 MacArthur Blvd., Suite 150
Newport Beach, CA 92660

I served a true copy of the document above by depositing it in the United States Mail in a sealed envelope with the postage fully prepaid to the addresses above.

I certify under the penalty of perjury that the foregoing is true and correct.

Executed on January 6, 2020, at Redlands, California.

JoEva M. Peabody

5
DEFENDANT WILLIAM UNG DBA YUMMY DONUTS AND SUBS' OPPOSITION TO PLAINTIFF'S NOTICE OF MOTION AND MOTION FOR LEAVE TO FILE FIRST AMENDED COMPLAINT