1  Michael Reiter (State Bar No. 197768)
2  Milligan, Beswick, Levine & Knox, LLP
   1447 Ford Street, Suite 201
3  Redlands, CA 92374
4  (909) 798-3300
   mreiter@mblklaw.org
5

6  Attorneys for Defendant, William Ung dba
7  Yummy Donuts and Subs

8              UNITED STATES DISTRICT COURT
9
10            CENTRAL DISTRICT OF CALIFORNIA

11  PATRICIA FILARDI, an individual,  )    Case No: 5:18-cv-01847-CJC
                                      )
12              Plaintiff,            )
                                      )    DEFENDANT WILLIAM UNG DBA
13                                    )    YUMMY DONUTS AND SUBS'
        v.                            )    REPLY TO PLAINTIFF'S
14                                    )    OPPOSITION TO MOTION
                                      )    FOR SUMMARY JUDGMENT
15                                    )
16  YUMMY DONUTS AND SUBS, a          )
    business of unknown form; PAUL D. )
17  SOTO AND TANNIS D. SOTO as        )
18  individuals and trustees of the P. AND)  DATE AND TIME: 1/27/20, 1:30 P.M.
    T. SOTO REVOCABLE TRUST       )    COURTROOM: 7C
19  Dated March 14, 2012; and         )
20  DOES 1-10, inclusive,             )
                                      )
21  ─────────────────Defendants.─────)

22       DEFENDANT, YUMMY DONUTS AND SUBS (Defendant YDS) hereby

23  replies to Plaintiff's Opposition to Defendant's, Motion for Summary Judgment.

24  **I.    It is Not Reasonable to Infer the Access Ramp Location Dictates**
25  **       Responsibility of the Access Ramp.**

26       Plaintiff states that due to the access ramp residing directly in front of
27
28  Defendant YDS' store, that is "reasonable to infer that Defendant controls the space

─────────────────────────────────────────────
                          1
DEFENDANT YUMMY DONUTS AND SUBS' REPLY TO OPPOSITION TO MOTION FOR SUMMARY
                        JUDGMENT

immediately in front of its leased space which is available to its customers." (Pl. Opp. p. 5, ll. 11-12; Doc 35). Defendant contends that this is not a reasonable inference and it is obvious that Defendant YDS is not responsible for the access ramp. There are two stores on the that side of the building and only one access ramp; the ramp is used for both shops Defendant YDS and Rosa Maria's, and the shops around the corner from Defendant YDS. (See photos Ung Decl. Ex. B; Doc 28-3). In fact, all the shops within the complex have shared access ramps. Therefore, it is obvious, and not reasonable to infer, that simply because the access ramp in in front a certain store, that said store is responsible for that access, when said access is used by other stores as well.

## II. Defendant YDS has Submitted Competent Evidence.

The Declaration of Ung is based on Defendant's personal knowledge, and the photos have been authenticated by Defendant. Plaintiff simply argues against the evidence, rather than show her own facts that show a triable issue.

## III. Defendant YDS has Filed its Opposition to Plaintiff's Motion to Amend the Complaint.

As stated in Defendant YDS' Opposition to Plaintiff's Motion to Amend Complaint, Defendant YDS opposes the motion "...on the ground that Plaintiff has known about the identity of the additional party she wishes to name and should have added said party long before this current filing of December 24, 2019." (Def. Opp. Mot. Amend. Comp. p. 2, ll. 3-4; Doc. 37). Defendant YDS' opposition further states, in part,

> "Plaintiff previously filed with this Court an Amended
> Complaint on July 8, 2019, which indicates that defendant
> Brookside San Mateo Partners, L.P. owns the property at 1154

Brookside Avenue, Redland[s] CA 92373. The Amended Complaint was rejected by the Court as leave of Court was not sought prior to or concurrently when the Amended Complaint was filed. Nothing further was done by plaintiff until late December.

Plaintiff must have known at or prior to the July 8, 2019 filing of the Amended Complaint that Brookside San Mateo Partners, L.P., was the current owner of the Subject Property where Yummy Donuts and Subs is located.

Plaintiff could have and has failed to file for leave to file her Amended Complaint within a reasonable time of having knowledge for the existence of Defendant Brookside San Mateo Partners, L.P.

Additionally, Plaintiff failed to perform due diligence in ascertaining the owner of the property. Relying on a title report is not due diligence, since only the record notice in the County of San Bernardino's files can be relied upon. To the extent that plaintiff used title insurance, her remedy is against the title insurer.

Plaintiff should have known who the landlord was from the start and should have named the actual owner in her original complaint. As a matter of common knowledge, this information is easily available from the San Bernardino County tax collector online and by telephone. Plaintiff did not diligently conduct research as to the owner of the property, and as such should not be allowed to amend, even with the liberal standard of amendment. (*Id.* at pp. 3-4).

## IV.   Discovery has Closed. Plaintiff may not Obtain Documents that Should and Could Have Been Discovered Prior to the Close of Discovery.

Pursuant to the Scheduling Order of this Court dated February 8, 2019, discovery in this matter closed on November 27, 2019 (Sch. Order p. 1, ll. 21-22; Doc 21). Plaintiff had ample time and knew as far back as prior to July 8, 2019, the names

of the owners of the property and could have obtained any lease documents from Brookside San Mateo Partners, L.P.  Plaintiff did not diligently seek the documents needed within the time allowed by this Court even though Plaintiff knew from where to obtain the documents needed.  Plaintiff should not be allowed now after the close of discovery, to obtain documents that could have been timely obtained prior to the close of discovery.

## V.  Defendant YDS will be Prejudiced if Plaintiff is Allowed to Conduct Additional Discovery after the Close of Discovery.

Allowing Plaintiff to conduct after the discovery has closed will prejudice Defendant YDS.  Plaintiff knew the identity of Brookside San Mateo Partners, L.P., prior to July 8, 2019, and had ample time to conduct discovery.  Plaintiff choose not to resubmit the rejected Amended Complaint and choose to wait until December 24, 2019 to file its motion for leave to file its Amended Complaint.  Plaintiff's own delay bars her from conducting discovery after discovery has closed.

## VI.  Defendant YDS did Not Make a Claim for Attorney's Fees in its Motion for Summary Judgment.

Defendant YDS did not make a claim for attorney's fees in its Motion for Summary Judgment.  Thus, Plaintiff is premature in filing an objection to a request for attorney's fees, and no such claim has been made at the time of the filing of the motion for summary judgment.

It is for the above reasons and those stated in its Motion for Summary Judgment, that Defendant Yummy Donuts and Subs be granted summary judgment in its favor and for all other proper relief.

1 | Dated: January 10, 2020

2

3

4 |                               MILLIGAN, BESWICK, LEVINE & KNOX, LLP

5

6 |                               By:

7 |                                    Michael Reiter

8 |                                    Attorneys for Defendant,

9 |                                    William Ung, dba Yummy Donuts and Subs

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEFENDANT YUMMY DONUTS AND SUBS' REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

## PROOF OF SERVICE BY MAIL

The undersigned declares as follows: At the time of service I was over 18 years of age and not a party to this action. My business address is 1447 Ford Street, Suite 201, Redlands, CA 92374, which is in the County, City and State where this mailing occurred.

On January 10, 2020, I served the document described as: YUMMY DONUTS AND SUBS' REPLY TO PLAINTIFFS OPPOSITION TO MOTION FOR SUMMARY JUDGMENT on all interested parties in this action:

Craig G. Côté, Esq.
Manning Law APC
20062 S.W. Birch Street, Suite 200
Newport Beach, CA 92660

I served a true copy of the document above by depositing it in the United States Mail in a sealed envelope with the postage fully prepaid to the addresses above.

I certify under the penalty of perjury that the foregoing is true and correct.

Executed on January 10, 2020, at Redlands, California.

JoEya M. Peabody

DEFENDANT YUMMY DONUTS AND SUBS' REPLY TO OPPOSITION TO MOTION FOR SUMMARY JUDGMENT