**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**EASTERN DIVISION**

**PATRICIA FILARDI,**

**Plaintiff,**

**v.**

**YUMMY DONUTS AND SUBS, PAUL D. SOTO and TANNIS D. SOTO, as individuals and trustees of the P. AND T. SOTO REVOCABLE TRUST DATED MARCH 14, 2012, and DOES 1–10,**

**Defendants.**

**Case No.: EDCV 18-01847-CJC(SPx)**

**ORDER GRANTING DEFENDANT YUMMY DONUTS AND SUBS' MOTION FOR SUMMARY JUDGMENT [Dkt. 28]**

## I. INTRODUCTION

Plaintiff Patricia Filardi brings this action under the Unruh Civil Rights Act and the Americans with Disabilities Act of 1990 against Defendants Yummy Donuts and Subs,

Paul Soto, Tannis Soto, and unnamed Does. (Dkt. 1 [Complaint, hereinafter "Compl."].) Before the Court is Defendant Yummy Donuts and Subs ("Yummy Donuts") motion for summary judgment. (Dkt. 28 [hereinafter "Mot."].)[1] For the following reasons, the motion is **GRANTED**.[2]

## II. BACKGROUND

Plaintiff alleges that she is an adult quadriplegic and requires a wheelchair for mobility and basic life functions. (Compl. ¶ 1.) She allegedly owns and uses a specially equipped van with a wheelchair ramp and has been issued a Disabled Person Parking Placard on a permanent basis. (*Id.*)

Yummy Donuts operates and controls a restaurant located at 1154 Brookside Avenue in Redlands, California that sells donuts and sandwiches ("the Store"). (Dkt. 36 [Plaintiff's Statement of Genuine Disputes of Material Fact, hereinafter "SGD"] ¶ 3.) The Store is located in a shopping center with several other business and a shared parking lot. (*Id.* ¶¶ 1–3; Dkt. 28-1 [Declaration of William Ung, hereinafter "Ung Decl."].) Yummy Donuts does not have any ownership interest in the shopping center property. (SGD ¶ 1.)

Plaintiff alleges that she went to the Store on or about April 3, 2018 to buy donuts. (Compl. ¶ 11.) During this visit, Plaintiff alleges that she encountered numerous architectural barriers that interfered with her ability to access the Store and caused her frustration and humiliation. (*Id.* ¶¶ 14–20.) Although there are reserved parking spaces

---

[1] The instant motion is brought by Defendant William Ung doing business as Yummy Donuts and Subs. (*See* Mot.) For brevity and clarity, the Court refers to the moving Defendant as "Yummy Donuts."

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for January 27, 2020 at 1:30 p.m. is hereby vacated and off calendar.

for individuals with disabilities and a curb ramp for wheelchair access directly outside the Store, Plaintiff asserts that these features fail to meet the specifications set out in the Americans with Disability Act Accessibility Guidelines ("ADAAG"). (*Id.* ¶¶ 14–15.) Specifically, she alleges that the curb ramp exceeds the maximum grade allowed by the ADAAG, that the ramp improperly projects into the disabled parking spaces, and that the reserved spaces do not have required signage. (*Id.*) Based on these allegations, Plaintiff asserts two causes of action against all Defendants under the Unruh Civil Rights Act ("Unruh Act") and the American with Disabilities Act of 1990 ("ADA").

**III. LEGAL STANDARD**

The Court may grant summary judgment on "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." Fed. R. Civ. P. 56(a). Summary judgment is proper where the pleadings, the discovery and disclosure materials on file, and any affidavits show that "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Id.*; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The party seeking summary judgment bears the initial burden of demonstrating the absence of a genuine issue of material fact. *Id.* at 325. A factual issue is "genuine" when there is sufficient evidence such that a reasonable trier of fact could resolve the issue in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is "material" when its resolution might affect the outcome of the suit under the governing law, and is determined by looking to the substantive law. *Id.* "Factual disputes that are irrelevant or unnecessary will not be counted." *Id.* at 249.

Where the movant will bear the burden of proof on an issue at trial, the movant "must affirmatively demonstrate that no reasonable trier of fact could find other than for the moving party." *Soremekun v. Thrifty Payless, Inc.*, 509 F.3d 978, 984 (9th Cir. 2007).

In contrast, where the nonmovant will have the burden of proof on an issue at trial, the moving party may discharge its burden of production by either (1) negating an essential element of the opposing party's claim or defense, *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–60 (1970), or (2) showing that there is an absence of evidence to support the nonmoving party's case, *Celotex Corp.*, 477 U.S. at 325. Once this burden is met, the party resisting the motion must set forth, by affidavit, or as otherwise provided under Rule 56, "specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. A party opposing summary judgment must support its assertion that a material fact is genuinely disputed by (i) citing to materials in the record, (ii) showing the moving party's materials are inadequate to establish an absence of genuine dispute, or (iii) showing that the moving party lacks admissible evidence to support its factual position. Fed. R. Civ. P. 56(c)(1)(A)–(B). The opposing party may also object to the material cited by the movant on the basis that it "cannot be presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). But the opposing party must show more than the "mere existence of a scintilla of evidence"; rather, "there must be evidence on which the jury could reasonably find for the [opposing party]." *Anderson*, 477 U.S. at 252.

In considering a motion for summary judgment, the court must examine all the evidence in the light most favorable to the nonmoving party, and draw all justifiable inferences in its favor. *Id.*; *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630–31 (9th Cir. 1987). The court does not make credibility determinations, nor does it weigh conflicting evidence. *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 456 (1992). But conclusory and speculative testimony in affidavits and moving papers is insufficient to raise triable issues of fact and defeat summary judgment. *Thornhill Publ'g Co. v. GTE Corp.*, 594 F.2d 730, 738 (9th Cir. 1979). The evidence the parties present must be admissible. Fed. R. Civ. P. 56(c). "If the court does not grant all the relief requested by

the motion, it may enter an order stating any material fact—including an item of damages or other relief—that is not genuinely in dispute and treating the fact as established in the case." Fed. R. Civ. P. 56(g).

## IV. DISCUSSION

Yummy Donuts moves for summary judgment on both claims against it under the Unruh Act and the ADA.[3] The Unruh Act provides that "[a]ll persons within the jurisdiction of this state are free and equal, and no matter what their . . . disability . . . are entitled to the full and equal accommodations, advantages, facilities, privileges, or services in all business establishments of every kind whatsoever." Cal. Civ. Code § 51(b). The Unruh Act is coextensive with the ADA such that any violation of the ADA also constitutes a violation of the Unruh Act. *Id.* § 51(f). Title III of the ADA prohibits discrimination against people with disabilities in places of public accommodation. 42 U.S.C. § 12182(a).

To prevail on a claim under Title III of the ADA, a plaintiff must show that "(1) she is disabled within the meaning of the ADA; (2) the defendant is a private entity that owns, leases, or operates a place of public accommodation; and (3) the plaintiff was denied public accommodations by the defendant because of her disability." *Molski v.*

---

[3] In its Statement of Genuine Dispute, Plaintiff raises numerous evidentiary objections to the Declaration of William Ung and photographs presented by Yummy Donuts. (*See* SGD.) "[L]odging excessive evidentiary objections" seems to be "a growing trend amongst federal litigants." *Cusack-Acocella v. Dual Diagnosis Treatment Ctr., Inc.*, 2019 WL 2621920, at *1 (C.D. Cal. Apr. 8, 2019) (making this observation after receiving "another slew of unnecessary evidentiary objections"). "In motions for summary judgment with numerous objections, it is often unnecessary and impractical for a court to methodically scrutinize each objection and give a full analysis of each argument raised." *Doe v. Starbucks, Inc.*, 2009 WL 5183773, at *1 (C.D. Cal. Dec. 18, 2009). This is especially true where, as here, all of the objections are "boilerplate recitations of evidentiary principles or blanket objections without analysis applied to specific items of evidence." *Id.* at *1. To the extent the Court relied on evidence subject to an objection, the Court will state its reasons for overruling the objection. But there is no need for the Court to address the remaining objections, and so those objections are overruled as moot.

*M.J. Cable, Inc.*, 481 F.3d 724, 730 (9th Cir. 2007). To satisfy the second element, the plaintiff must show that the defendant "has control over the area that contains the alleged violations." *See Kong v. In Sik Shin*, 2019 WL 6769870, at *4 (C.D. Cal. Dec. 12, 2019). The ADA "does not impose[ ] upon tenants liability for ADA violations that occur in those areas exclusively under the control of the landlord." *Kohler v. Bed Bath & Beyond of Cal., LLC*, 780 F.3d 1260, 1266 (9th Cir. 2015). Instead, a tenant-business is only responsible for ADA compliance "for that part of the property it controls." *Id.* at 1264.

Yummy Donuts asserts that, as a tenant-business in the shopping center, it has no control over the surrounding property, including the shopping center's parking spaces, curbs, and ramps. (Mot. at 3; Ung Decl. ¶¶ 1, 3.) In support of this claim, Yummy Donuts has introduced photographs of the Store and shopping center, (Dkts. 28-2, 28-3), and the declaration of William Ung, the Store's sole owner, (Ung Decl.). Based on his personal knowledge, Ung testifies that Yummy Donuts has no control over the property outside the Store, including "the sidewalks, curbs, ramps, parking lots and driving aisles" in the shopping center. (*Id.* ¶¶ 1, 3.) Yummy Donuts argues that Plaintiff has no evidence to the contrary and therefore cannot show any "genuine issue for trial." *See Anderson*, 477 U.S. at 256.

The Court finds that Yummy Donuts has satisfied its initial burden of showing an absence of evidence to support an essential element of Plaintiff's case: control over the parking area. *See Celotex Corp.*, 477 U.S. at 325. Ung's declaration is admissible, non-hearsay testimony based on his personal knowledge of his business's operations and contractual arrangement with the property owners. *See* Fed. Rs. Evid. 602, 802. He has firsthand knowledge of the ways in which Yummy Donuts and the property owners share responsibility for monitoring and maintaining the parking area. (*See* Ung. Decl.) Although simple and short, his declaration presents material facts and not, as Plaintiff argues, speculative legal conclusions. *See Orsini v. O/S Seabrooke O.N.*, 247 F.3d 953,

960 n.4 (9th Cir. 2001) (distinguishing conclusory and speculative affidavits from those with specific facts grounded in personal recollections). "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to the fact." Adv. Comm. Note to 2010 Amendments to FRCP 56(c)(1)(B). Yummy Donuts has made such a showing here. Accordingly, the burden shifts to Plaintiff to show a genuine dispute of material fact. *See Celotex Corp.*, 477 U.S. at 324.

Plaintiff asserts that Yummy Donuts controls "the inaccessible disabled parking and curb ramp directly in front of its business pursuant to a lease that imposes ADA compliance obligations." (SGD ¶ 6.) However, Plaintiff has not submitted any evidence—or identified any evidence in the record—that shows a genuine dispute on this issue. Instead, her opposition rests *entirely* on purported defects in Yummy Donuts' motion. (*See* Dkt. 35 [Plaintiff's Opposition to Mot., hereinafter "Opp."] at 3.) The Court finds these arguments unpersuasive.

Plaintiff argues that Yummy Donuts "submits no admissible evidence that it does not control the parking and curb ramp in front of the entrance of Defendant's business." (*Id.* at 5.) As discussed above, the Court disagrees. Ung's declaration is admissible non-hearsay and includes specific facts based on personal knowledge. Moreover, simply arguing that the moving party's declarations "should be disregarded as self-serving" is not sufficient to defeat summary judgment. *See Gasaway v. Northwestern Mut. Life Ins. Co.*, 26 F.3d 957, 960 (9th Cir. 1994). "Mere allegations or denials" do not satisfy the opposing party's burden of demonstrating a genuine issue of material fact. *See id.* Plaintiff next argues that Yummy Donuts had an obligation to produce its lease with the property owners. (*See* Opp. at 5.) Once again, the Court disagrees. At the summary judgment stage, a party need not produce documentation to support facts asserted in affidavits. *See United States v. Two Tracts of Land*, 5 F.3d 1360, 1362 (9th Cir. 1993).

Accordingly, Yummy Donuts had no obligation to submit a copy of the lease.[4] Instead, its initial burden was to show that Plaintiff lacks evidence to support a crucial element of her claim. Having done so, the burden shifts to Plaintiff to show a genuine issue of material fact.

Plaintiff's obligation is to "go beyond the pleadings and by her own affidavits, or by the depositions, answers to interrogatories, and admissions on file" show a genuine issue for trial. *See Celotex Corp.*, 477 U.S. at 324 (quotations omitted). A party opposing summary judgment "may not rest upon the mere allegations or denials of [her] pleadings." Fed. R. Civ. P. 56(e). "Instead, the plaintiff must present affirmative evidence in order to defeat a properly supported motion for summary judgment. This is true even where the evidence is likely to be within the possession of the defendant, as long as the plaintiff has had a full opportunity to conduct discovery." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 256–57 (1986).

Plaintiff has failed to carry this burden. Indeed, after more than nine months of discovery, she has not presented or identified *any* evidence related to Yummy Donuts' control over the parking area. Instead, she claims that because "all of the alleged barriers to access are located directly in front of the entrance of Defendant's restaurant, a reasonable inference can be made that Defendant controls that area." (Opp. at 5.) Such an inference is not sufficient to raise a genuine issue of material fact.[5] No jury could reasonably find for Plaintiff without evidence to support this inference. *Anderson*, 477 U.S. at 252. The Court therefore finds no genuine issue of material fact as to Yummy

---

[4] The Court finds Plaintiff's argument particularly unpersuasive in light of her apparent failure to request a copy of the lease during discovery. In a declaration filed in support of Plaintiff's motion to amend, (Dkt. 34), counsel for Plaintiff testified that he requested a copy of Yummy Donuts' lease on December 17, 2019—nearly a month *after* the close of discovery, (Dkt. 34-1 ¶ 7.)

[5] Plaintiff does not argue that there is a presumption that a tenant-business is responsible for property outside its store.

Donut's control over the parking area. Accordingly, Yummy Donuts' motion for summary judgment is **GRANTED**.

## V. CONCLUSION

For the foregoing reasons, Yummy Donuts' motion for summary judgment is **GRANTED**. Yummy Donuts is **DISMISSED** from this case.

DATED: January 14, 2020

CORMAC J. CARNEY
UNITED STATES DISTRICT JUDGE